IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 NOV 10 PM 2:41

STEPHEN E. ROUSE,
      Plaintiff,

-vs-

OFFICER CODY MILLER, OFFICER
ANDREW HEIMSATH, and OFFICER
ORLANDO RAMOS,
      Defendants.

CAUSE NO.:
A-15-CA-00721-SS

## ORDER

BE IT REMEMBERED on the 6th of November 2015, the Court held a hearing in the above-styled cause on Plaintiff Stephen E. Rouse's Amended Complaint [#19], Defendant-Officers Kody "Cody" Miller and Andrew Heimsath's 12(b)(4), 12(b)(5), and 12(b)(6) Motion to Dismiss [#22], Plaintiff's Response in Opposition to Defendant's Motion to Dismiss [#5], and Plaintiff's Motion for a Refund of Partial Filing Fee [#24]. The parties appeared either in person or through counsel. Having reviewed the documents, the governing law, the arguments of the parties at the hearing, and the file as a whole, the Court now enters the following opinion and orders confirming its oral pronouncements.

### Background

Plaintiff Stephen E. Rouse brings this *pro se* action against Officers Miller, Heimsath, and Ramos, asserting a § 1983 excessive force claim under the Fourth Amendment. First, Rouse alleges Officers Miller and Heimsath assaulted him after he called 311 on July 24, 2014 to complain about the noise coming from a neighbor's condominium. At the hearing, Rouse stated in the record the officers told him to get on the ground and when he refused, they sprayed him with pepper spray and pushed him to the ground, injuring his arthritic knees. In response,



Officers Miller and Heimsath argued Rouse had become combative with the dispatcher after he called 911 and threatened the police when they arrived. Second, Rouse asserts he was falsely arrested for resisting arrest and falsely imprisoned for two days after he was told he would be released within six hours of his arrest. Third, Rouse insists the conditions of the jail were "cruel and inhumane"; specifically, Officer Ramos caused him to be sleep-deprived, served him stale and moldy food, and left him without proper medical attention. *See* Pl.'s Resp. [#5] at 3. His damages include insomnia, back pain, arthritis, and unpaid medical bills.

On September 30, 2015, the Court dismissed Rouse's claims against the Housing Authority of the City of Austin, Austin Police Department, and Travis County Sheriff's Office. *See* Order of Sept. 30, 2015 [#18]. In response, Rouse amended his complaint to sue Officers Miller, Heimsath, and Ramos. *See* Am. Compl. [#19] at 3. Officers Miller and Heimsath now move to dismiss Rouse's claims on the basis of insufficient process, insufficient service of process, and failure to state a claim on which relief can be granted.

## Analysis

### I.   Legal Standard—Rules 12(b)(4) and 12(b)(5)

Rule 4 of the Federal Rules of Civil Procedure establishes the requirements for summons and service of process. *See* FED. R. CIV. P. 4. If the plaintiff fails to comply with Rule 4, the defendant may seek dismissal of the plaintiff's claims under Rules 12(b)(4) and 12(b)(5). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (internal quotations omitted).

Dismissal of a case under Rules 12(b)(4) and 12(b)(5) is only warranted where "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." *Neely*

*v. Khurana*, No. 3:07-CV-1344-D, 2008 WL 938904, at *2 (N.D. Tex. April 7, 2008). In all other cases, the district court has the discretion to provide the plaintiff with another opportunity to effect proper service of process. *Id.* "In exercising this discretion, a court should especially consider a plaintiff's *pro se* status and good faith attempt to effect service." *Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011).

## II.    Legal Standard—Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. Id. Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*,

14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Finally, although this Court construes the briefs of *pro se* litigants liberally, a *pro se* litigant must still comply with the court rules of procedural and substantive law. *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *see also, Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002) ("[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

### III.   Application

Officers Miller and Heimsath argue the claims against them should be dismissed for two reasons: (1) they have not been properly served, and (2) Rouse's complaint fails to state a claim upon which relief can be granted. The Court will address each argument in turn.

### A.   Insufficient Process and Service of Process

Officers Miller and Heimsath move to dismiss Rouse's complaint under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, because none of the officers were served nor did they waive service of summons.[1] Indeed, there is no evidence in the record indicating either Officer Miller or Officer Heimsath were properly served as required by Rule 4(l) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(l). Nevertheless, by filing this motion, Officers Miller and Heimsath have appeared in this court and clearly have notice of Rouse's

---

[1] The Court notes Rouse did file a Waiver of Service of Summons on his own behalf. *See* Waiver [#20] at 1.

claims. The undersigned will therefore consider the merits of the Officers Miller and Heimsath's motion, rather than summarily dismiss Rouse's claim for failure to properly serve.[2]

**B.      Failure to State a Claim**

Officers Miller and Heimsath move to dismiss Rouse's Fourth Amendment claims for failure to state a claim upon which relief can be granted. Officers Miller and Heimsath first argue Rouse has failed to establish a § 1983 excessive force claim by showing (1) he sustained an injury, (2) the injury resulted directly from the use of excessive force, and (3) the use of force was objectively unreasonable. Second, Officers Miller and Heimsath maintain Rouse has failed to overcome their qualified immunity defense by showing they violated a clearly established federal right.

In this case, Rouse has failed to plead any specific facts surrounding the alleged incident involving excessive force. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995) (en banc) (stating a plaintiff suing public officials under § 1983 must file a short, plain statement of his complaint that is factual rather than conclusive). At the hearing, Rouse's story was inconsistent. He first testified a young woman in his condominium complex called the police, but later admitted he was the one who called 311 to lodge a noise complaint. It is unclear whether Rouse was outside when the police arrived, but at the hearing Officers Miller and Heimsath suggested the officers initially approached Rouse because he was still on the phone with the dispatcher when the police arrived and had become combative.

The scant facts asserted in Rouse's complaint and recited at the hearing are nothing more than conclusory allegations which fail to establish the use of force by Officers Miller and Heimsath was excessive and objectively unreasonable. Indeed, Rouse's own facts are consistent

---

[2] However, although Officers Miller and Heimsath have moved to dismiss Rouse's amended complaint, the record is silent as to Officer Ramos. Because there is no evidence that Officer Ramos was ever served and he has not appeared in this lawsuit by filing a motion to dismiss, the Court dismisses without prejudice the claims against Officer Ramos pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(m).

with Officers Miller and Heimsath's argument that the police believed Rouse was combative and frisked him to ensure he was unarmed. Accordingly, Rouse's conclusory allegations fail to state a § 1983 excessive force claim against Officers Miller and Heimsath.[3]

Although a *pro se* complaint is to be "liberally construed," Rouse's claims as currently pleaded cannot survive the motion to dismiss. *See Bird*, 660 F.2d at 593. However, because Rouse is proceeding *pro se*, the Court will dismiss without prejudice and grant Rouse fifteen days from the date of the hearing to file an amended complaint. If Rouse's claims are dismissed again, the resulting dismissal will be final and with prejudice to refiling. Moreover, if Rouse chooses to file an amended complaint, he is advised to review Rule 4(l) of the Federal Rules of Civil Procedure in serving Officers Miller and Heimsath with process and Rule 11 specifying possible sanctions if the amended complaint is without basis of fact or law. Finally, the Court denies Rouse's Motion for a Refund of Partial Filing Fee, because the Court lacks authority to refund the fees set forth under 28 U.S.C. § 1914(a). *See, e.g., Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997) (concluding filing fees are part of the costs of litigation and are assessed without regard for the subsequent disposition of the matter).

## Conclusion

Accordingly,

IT IS ORDERED that Defendant-Officers Kody "Cody" Miller and Andrew Heimsath's 12(b)(4), 12(b)(5), and 12(b)(6) Motion to Dismiss [#22] is GRANTED;

IT IS FURTHER ORDERED that all claims brought by Plaintiff Stephen E. Rouse in the above-styled cause are DISMISSED WITHOUT PREJUDICE. Rouse shall

---

[3] Because the Court dismisses Rouse's claim for failure to state a claim, the Court does not reach Officers Miller and Heimsath's qualified immunity defense. However, the Court notes Officers Miller and Heimsath should answer Rouse's next amended complaint with sufficient facts showing they are entitled to qualified immunity. *See Barker v. Norman*, 651 F.2d 1107, 1120 (5th Cir. 1981) ("[T]he burden is on the defendant not just to plead, but to establish his entitlement to claim official immunity in the first instance.").


- 7 -

have FIFTEEN (15) DAYS from the date of the hearing in which to file any amended complaint, or the case will be closed;

IT IS FINALLY ORDERED that Rouse's Motion for a Refund of Partial Filing Fee [#24] is DENIED.

SIGNED this the 10th day of November 2015.

/Sam Sparks/
SAM SPARKS
UNITED STATES DISTRICT JUDGE